IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

CHARLES DAVIS BURRELL, )
)
Plaintiff, )
)
v. ) Civil Action No. 3:11CV42–HEH
)
ROBERT LEE MYERS, III, ET AL., )
)
Defendants. )

## MEMORANDUM OPINION
(Granting Defendant's Motion to Dismiss)

This is an action for damages against several individual defendants, named and unnamed; the Hunter Holmes McGuire Veterans Affairs Medical Center ("McGuire")[1]; and Chippenham & Johnston-Willis Hospitals, Inc. ("CJW")[2], for assault and battery; conspiracy to commit robbery; intentional emotional distress and loss of income; and medical malpractice. It is presently before the Court on McGuire's Motion to Dismiss. The Court will dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court, and oral argument would not aid in the decisional process. For the reasons stated below, McGuire's Motion to Dismiss will be granted, and the case will be remanded to the state court.

---

[1] McGuire was erroneously named as the "McGuire Hunter Holmes Department of Veterans Affairs Medical Center" in Plaintiff's Amended Motion for Judgment. (Mot. Dismiss 1.) In any event, the United States, not the particular facility involved, is the proper defendant in suits brought pursuant to the Federal Tort Claims Act ("FTCA"). See 28 U.S.C. § 2679(b)(1).
[2] CJW was erroneously named as "CJW/Johnson-Willis Medical Center" in Plaintiff's Amended Motion for Judgment. (Def.'s Notice Special Appearance 1.)

## I. BACKGROUND

On April 18, 2008, Plaintiff filed a three-count motion for judgment in the Chesterfield County Circuit Court ("Circuit Court") against Robert Lee Myers, III; Allon Devon White; Tameka Maria Johnson; "Jane Doe;" and "John Doe" ("the Individual Defendants"). Count One alleged that the Individual Defendants maliciously battered Plaintiff on or about April 20, 2006, causing Plaintiff's right wrist to break. Count Two alleged that the Individual Defendants conspired to rob Plaintiff. In Count Three, Plaintiff claimed that the alleged assault and battery caused Plaintiff severe emotional distress and resulted in Plaintiff's inability to continue working as a tractor-trailer driver.

On April 28, 2008, Plaintiff filed an unsigned amended motion for judgment in the Circuit Court, which added CJW and McGuire as defendants and added a claim for medical malpractice. McGuire received a copy of the amended motion for judgment on December 21, 2010, but was not served with a summons or other process. McGuire removed the action to this Court on January 19, 2011, and filed the instant motion to dismiss on January 25, 2011. McGuire asserts that Count Four, the only Count in which McGuire is named, should be dismissed for lack of subject matter jurisdiction because Plaintiff failed to exhaust his administrative remedies, and his claims are barred by the Federal Tort Claims Act ("FTCA")'s statute of limitations. In the alternative, McGuire asserts that Count Four must be dismissed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim.

On January 28, 2011, CJW filed a notice of joinder in McGuire's removal, as well as a motion asking this Court to rule upon its responsive pleadings filed in the Circuit

Court before removal—namely, (1) a special plea of statute of limitations; (2) a demurrer; (3) a motion to strike Plaintiff's Amended Motion for Judgment; and (4) a motion to dismiss for defective and untimely service of process. McGuire and CJW have properly filed Roseboro Notices. Plaintiff has not responded to any of the pending motions.

## II. STANDARD OF REVIEW

"Federal courts are courts of limited jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S 375, 377, 114 S. Ct. 1673, 1675 (1994). They possess only such power as is authorized by the Constitution or conferred by statute. *Id.*

On a motion to dismiss pursuant to Rule 12(b)(1), the plaintiff bears the burden of proving subject matter jurisdiction. *Richmond, Fredericksburg & Potomac R.R. Co. v. United States*, 945 F.2d 765, 768 (4th Cir. 1991). "In determining whether jurisdiction exists, the district court is to regard the pleadings' allegations as mere evidence on the issue, and may consider evidence outside the pleadings without converting the proceeding to one for summary judgment." *Id.* "[T]he nonmoving party must set forth specific facts beyond the pleadings to show that a genuine issue of material fact exists." *Id.* "The moving party should prevail only if the material jurisdictional facts are not in dispute and the moving party is entitled to prevail as a matter of law." *Id.*

## III. ANALYSIS

"Under settled principles of sovereign immunity, 'the United States, as sovereign, is immune from suit'" except to the extent it has consented to be sued. *United States v. Dalm*, 494 U.S. 596, 608, 110 S. Ct. 1361, 1368 (1990) (quoting United States v. Testan, 424 U.S. 392, 399, 96 S. Ct. 948, 953 (1976) (internal quotation omitted)). "Where

sovereign immunity bars the claim, the court lacks subject matter jurisdiction and must dismiss the case." *Baily v. United States*, No. 3:09CV600, 2010 WL 3938251, at *1 (E.D. Va. Oct. 5, 2010).

The FTCA constitutes a limited waiver of the federal government's immunity in tort suits for money damages. *See* 28 U.S.C. §§ 1346(b), 2671 *et seq*. In order for the district court to have jurisdiction over FTCA claims, however, the claimant must first present the claim to the appropriate federal agency, and the agency must have denied the claim. 28 U.S.C. § 2675(a); 28 C.F.R. §14.2(b)(1). "[T]he requirement of filing an administrative claim is jurisdictional and may not be waived." *Ahmed v. United States*, 30 F.3d 514, 516 (4th Cir. 1994) (quoting *Henderson v. United States*, 785 F.2d 121, 123 (4th Cir. 1986)).

In this case, because McGuire is a medical center operated by the Department of Veterans Affairs (Notice Removal 2), Plaintiff was required to file an administrative claim with the Department of Veterans Affairs prior to suing McGuire. Plaintiff has not alleged that he filed a claim with the Department of Veterans Affairs, and the Department has no record of any administrative claim having been filed by Plaintiff. (*See* Def.'s Ex. 1, Decl. Kathleen K. Oddo.) The absence of such record is competent evidence that Plaintiff did not file an administrative claim. *See* Fed. R. Evid. 803(10); *United States v. Bowers*, 920 F.2d 220, 223 (4th Cir. 1990) (permitting evidence of absence of tax returns to show that defendants did not pay taxes).

Because the record contains no indication that Plaintiff ever filed an administrative claim with the Department of Veterans Affairs, Plaintiff's medical malpractice claim against McGuire must be dismissed for lack of subject matter jurisdiction.[3]

Having determined that Plaintiff's claim against McGuire must be dismissed, it is readily apparent that federal jurisdiction is lacking over this case. The single jurisdictional hook permitting this case to be removed from the state court was the fact that McGuire is a medical facility operated by the Department of Veterans Affairs. (See Notice Removal 2.) Once McGuire is dismissed from the action, Plaintiff is left only with state-law tort claims for $49,000 against the Individual Defendants and CJW. Accordingly, the case will be remanded to the state court.[4] See Yashenko v. Harrah's NC Casino Co., 446 F.3d 541 (4th Cir. 2006) (noting district court's wide discretion to dismiss supplemental state law claims after dismissing the federal claims).

## IV. CONCLUSION

For the reasons stated above, McGuire's Motion to Dismiss will be granted, and Plaintiff's action against the remaining Defendants will be remanded to the Chesterfield County Circuit Court.

---

[3] Because the Court disposes of Plaintiff's medical malpractice claim against McGuire on the ground that Plaintiff has failed to exhaust his administrative remedies, the Court need not reach McGuire's additional arguments for dismissal—namely, that Plaintiff's claim is barred by the FTCA's statute of limitations, and fails to state a claim on which relief can be granted.

[4] Having found that subject matter jurisdiction is lacking and the case must be remanded, the Court will not address the merits of CJW's pending motions, which are best left for the state court.

5

An appropriate Order will accompany this Memorandum Opinion.

/s/
Henry E. Hudson
United States District Judge

Date: Feb. 23, 2011
Richmond, VA